**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION AS RECEIVER FOR PENNY LANE PARTNERS, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN GALACK and KRISTIN GALACK,<br><br>Defendant. | Civil Action No. 08-1958 (GEB)<br><br>**MEMORANDUM OPINION** |

**BROWN, Chief Judge**

    This matter comes before the Court upon the plaintiff the United States Business Administration as Receiver for Penny Lane Partners, L.P.'s ("Plaintiff" or "Receiver") Motion for Default Judgment. (Docket Entry No. 13.) The Court has reviewed the submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant Plaintiff's Motion for Default Judgment.


**I.     BACKGROUND**

    The undersigned appointed the Plaintiff on May 16, 2006, as Receiver during the resolution of the related matter United States v. Penny Lane Partners, L.P., Civil Action No. 06-1894. The SBA filed the instant complaint on April 22, 2008, "as receiver for Penny Lane Partners, L.P." ("Penny Lane") against the defendants. (Docket Entry No. 1.) An Affidavit of Service for Summons

1

and Complaint served on Defendant Kristin Galack and was served on Defendant Steven Galack, and both were filed on August 5, 2008, indicating that the Summons and Complaint were delivered to Defendant Kristin Galack at that address.  (Docket Entry Nos. 4 and 5.)  The Court was later notified that Defendant Steven Galack no longer lived at that address, and therefore, the Court granted Plaintiff's Motion to enlarge the time to serve the complaint.  (Docket Entry No. 9.)  Another Affidavit of Service of Summons and Complaint was filed on January 7, 2009, indicating that Defendant Steven Galack was served in Florida on December 12, 2008, by personally delivering a copy of the Summons and Complaint to Gladys Galack, described as "mother."  (Docket Entry No. 11.)  Thereafter, on August 21, 2008, Plaintiff filed its request for Entry of Default, and the Clerk's Office entered default on August 22, 2008.  (Docket Entry No. 12.)  On February 20, 2009, Plaintiff filed its Motion for Default Judgment. (Docket Entry No. 13.)  The Court's consideration of this motion follows.

## II.     DISCUSSION

Plaintiff, in support of its Motion for Default Judgment, argues that the Court should grant its motion because Defendants "were served with process," they did not file an answer, and because "Entry of Default" was properly docketed.  (Docket Entry No. 16 at 6.)  Plaintiff argues that "service of process were properly made on each defendant pursuant to [Federal Rule of Civil Procedure] 4(e)(2)(B) when the Receiver's process server went to defendant's residence . . . and hand delivered a copy of this action's summons and complaint to Kristen Galack personally."  (Id. at 20.)  Plaintiff also argues that "Defendant Steven Galack was served on June 19, 2008 . . . when the Receiver's process server went to . . . Steven Galack's dwelling or usual place of abode, and hand delivered a

2

copy of this action's summons and complaint to a person who answered the door . . . and appeared to be . . . someone of suitable age and discretion." (Id.)  A copy of the summons was also mailed to Defendant Steven Galack.  (Id.)  Plaintiff avers that Defendants "have no defense to this action for a breach of contract of their obligations to pay the unfunded capital commitments he owes to Penny Lane as private limited partners." (Id. at 21.)  Plaintiff also urges the Court to conclude that Defendant's failure to answer, move or otherwise plead permits the presumption that he in fact is culpable. (Id. at 24.)  Finally, Plaintiff asserts that it "will be prejudiced if default judgment is not granted in this instance where defendants have neither appear[ed] nor filed an answer." (Id.)

### A.    Standard of Review

Default is governed by Federal Rule of Civil Procedure 55.  FED. R. CIV. P. 55.  Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).  "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, No. 07-1522, 250 F.R.D. 171, 177, 2008 U.S. Dist. LEXIS 28324 (D.N.J. April 7, 2008) (citation omitted).  "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 U.S. Dist. LEXIS 28066 (D.N.J. April 1, 2008) (citing Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1983)).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party

seeking default, and (3) the culpability of the party subject to default." Doug Brady, 250 F.R.D. at 177 (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir.1987) (stating that "we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." Id. (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir.1984)). A defendant demonstrates a meritorious defense if "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). Therefore, a defendant's assertions "must contain specific facts that would allow Defendants to advance a complete defense" and must be substantively sufficient. Days Inn Worldwide v. Jerbev Corp., No. 08-1659, 2009 U.S. Dist. LEXIS 29138, at *3-*4 (D.N.J. April 8, 2009) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d at 195-96; Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 983 (3d Cir. 1988)).

Further, although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. Signs by Tomorrow - USA, Inc. v. G.W. Engel Co., Inc., No. 05-4353, 2006 U.S. Dist. LEXIS 56456, at *5-6 (D.N.J. Aug. 1, 2006) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *1 (D.N.J. Mar. 14, 2006) (citation omitted)). "Consequently, before granting a default judgment, the Court must first ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" Signs, 2006 U.S. Dist. LEXIS 56456, at * 6 (quoting Directv, Inc., 2006 U.S. Dist. LEXIS 14027, at *1

(citation omitted)).

    **B.**    **Analysis**

    The Office of Clerk of this Court granted Plaintiff's request for an entry of default under Federal Rule of Civil Procedure 55(a). See Husain v. Casino Control Comm'n, No. 07-3636, 2008 U.S. App. LEXIS 3700, at *4 (3d Cir. Feb. 20. 2008) (stating that "entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)"). See also Bank of Nova Scotia v. James, No. 2005-08, 2008 U.S. Dist. LEXIS 79240 (V.I. Oct. 8, 2008); Mims v. McCall, No. 06-4551, 2008 U.S. Dist. LEXIS 43092 (D.N.J. June 2, 2008); 10A Charles Alan Wright, Federal Practice and Procedure § 2682 (2007) (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)").  Entry of Default was entered on August 22, 2008, thus satisfying this requirement.

    Plaintiff alleges in its Complaint a cause of action for breach of contract.  Plaintiff states that "[o]n October 21, 1996, the defendant signed the LPA to be . . .Private Limited Partner[s] in Penny Lane"; that "[t]he balance owed by the defendants as . . . Private Limited Partner[s] is the unfunded capital commitment in the amount of $134,522.00"; that Defendants were "issued an unfunded capital commitment demand letter dated March 11, 2008 demanding payment of the amount of $134,522.00"; that "no payment has been made by the defendants"; that the LPA states that "any Private Limited Partner's failure to pay the amount due from the date due pursuant to the capital call notice for payment . . . shall be charged ten percent (10%) interest from the date the unfunded capital commitment was due"; and that for these reasons, the Court should grant default judgment in favor of Plaintiff. (Docket Entry No. 1 at  ¶¶ 7, 10, 15 to 17.)

The Court concludes that default judgment is appropriate here. First, Plaintiff's unchallenged facts, which the Court accepts as true, set forth a legitimate cause of action. See Signs, 2006 U.S. Dist. LEXIS 56456 at * 6.   In addition, Defendant has not offered any opposition to the Motion for Default Judgment, and therefore, the Court concludes that the Defendant has not offered information regarding the existence of a meritorious defense.  Moreover,  the facts as alleged in the Complaint provide no indication of a meritorious defense.  Plaintiff has been prejudiced in that this action was filed on April 22, 2008, as an ancillary matter to another case before this Court, and Plaintiff has also been prejudiced because Defendant has failed to properly respond in any way to the allegations. Defendant's failure to meaningfully participate in this litigation compels this Court's grant of default judgment.   The Court concludes that Defendant is culpable in respect to his failure to meet his obligations under the LPA.

Turning to damages, Plaintiff has provided the Court with a copy of the LPA, signed by Defendants, indicating that the amount of their total commitment was $460,000.00 at the time of signing.  (Docket Entry No. 15-7 at 2.)  Plaintiff has also provided Defendant Steven S. Galack's Schedule K-1 tax documents for the years 1996 through 2005. (Docket Entry No. 15-10.)  Box J(b) of these forms indicates that Defendant declared, for years 1996 through 2001, a total of $358,407.00 capital contributed, with no capital contributed for years 2002 through 2005.  (Id.)  Plaintiff also submitted an Assignment and Assumption Agreement dated August 15, 1999, in which Defendants assigned a $46,000.00 share of their interest to an individual named Samuel M. Wasserman.  (Docket Entry No. 15-8 at 3.)  Further, Plaintiff submitted an Assignment and Assumption Agreement dated January 1, 2000, in which Gregory O. Trautman assigned a $50,000.00 interest to Defendants. (Docket Entry No. 3.)  Plaintiff also submitted an affidavit of William Van Der Weele, in which he

6

explains that the total contribution amount as noted in Box J(b) of Defendant Steven Galack's tax forms, should be reduced by $31,050.00 due to a capital withdrawal that occurred in 1999, and a credit due to an error on Defendant Steven Galack's 2000 K-1 form, of $2,212.00, bringing the net amount that Defendants contributed to $329,478.00.  (Docket Entry No. 15 at 9 to 10.)  Plaintiff sent a demand letter to Defendant, dated March 11, 2008, which states that total amount Defendant had contributed to date was $329,478.00, that Defendant's total commitment was $464,000.00, and that therefore, the amount unfunded is $134,522.00.  (Docket Entry No. 15-11.)  The Court accepts these proofs, and therefore determines that damages are due in the amount demanded of $134,522.00 plus ten percent interest from the date due, April 11, 2008.

## III.    CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion for Default Judgment in the amount of $134,522.00 plus ten percent interest from the date of April 11, 2008.  An appropriate form of Order accompanies this Opinion.


Dated: July 24, 2009


   s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.